Okey, J.
Where the meeting is stated and general, notice of the time and place of holding it, or of the business to be transacted, is, in the absence of provision or regulation to the' contrary, in no case required. That is the general law of private corporations. Nevertheless, actual notice that the election for directors would be held at half after ten o’clock on the morning of January 21, 1879, was received by every stockholder. Moreover, it was the uniform custom to meet for such purpose on the morning of the day named in the certificate of incorporation, though, when directors were chosen in 1877, the meeting *16 was adjourned until two o’clock in the afternoon for the purpose. Here no election was held at the time prescribed, in the certificate (January 21,1879), for the reason — known to all the stockholders — that the court had granted an order restraining the holding of such election on that day. Nor was any meeting held by the stockholders at the hour designated for the meeting. As the restraining order would not have prevented the stockholders from holding a meeting, if they had met at the time designated and adjourned until the next day, and then held an election, a different question would have been presented. It has been held that any business which may be properly transacted at a regular meeting may, if commenced but not completed at the regular meeting, be done at an adjourned meeting, which is simply a continuation of the regular meeting, and that no notice to the stockholders of the holding of such adjourned meeting is necessary. But this case does not fall within any such principle.
That all or nearly all the stockholders of Brown, Bonnell & Co. were present in the city of Youngstown, on the 21st and 22d days of January, 1879, and felt themselves deeply interested in the question of the election of directors for the corporation, and that this was known to every stockholder, is very clear; and it is equally clear that stockholders representing more than two-thirds of the shares of the capital stock were in no way notified of the meeting Held at the office of Brown, Bonnell & Co., on the evening of January 21st, or that held on the morning of January 22d, until the new directors were actually elected. To be sure, the chairman made proclamation, during the meeting on the morning of January 22d, that all stockholders of the corporation could come in and vote for directors ; but we can not doubt that making that proclamation was purposely delayed until Henry Crawford, Herbert C. Ayer, and Henry I. Higgins, three of the stockholders, had left the office.
We do not feel called upon to employ harsher language, in stating the course which was pursued, than is essential *17 to accurate knowledge of the condition of things at the time the election in question was held. The stockholders had become divided in opinion as to the proper management of the affairs of the company. Some of them thought the iron should be disposed of to certain persons in Chicago. Others were of a different opinion. The course to be pursued by the corporation would, of course, be determined by the majority of stockholders in electing directors. In fact, the question really turned upon the 1,250 shares of stock in controversy in the case of Brown and others against Hale and others. Doubtless, the Bonnells, Hitchcock, and others, thought that bringing that action was a very improper thing to be done. With that feeling, it is, perhaps, not strange that the election in question was held. We express no opinion as to the merits of the questions involved in that case, nor as to the force and effect of the restraining orders. The only question we find it necessary to determine is, whether, without regard to the effect of the restraining orders, the law will uphold an election held under such circumstances. On careful consideration of the case, we unite in holding that it will not. To sustain an election held under such circumstances would, indeed, be a most dangerous precedent. The liberal rule which is extended to elections fairly but irregularly held, has no just application to this case. It follows that j udgment of ouster must be entered against all persons claiming' by virtue of the election held January 22,1879 ; and the directors elected January, 1878, will be restored to office ; for, where directors have been regularly elected, and enter upon the duties of the. office, they will continue to be directors until their-successors are duly elected and qualified, though they may,, for a time, be interrupted in the discharge of their duties;. and such successors must be chosen as provided in the statute, that is, at the annual meeting in January or at a special election.

Judgment of ouster, etc.,